# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME ALBERTO,<br><br>          Plaintiff,<br><br>     v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>          Defendant. | Case No.: 1:19-cv-01573 DAD JLT<br><br>ORDER GRANTING IN PART FOURTH STIPULATION TO AMEND THE CASE SCHEDULE<br><br>(Docs. 33) |

The parties have stipulated for a fourth time to amend the case schedule. (Doc. 31) As in the previous stipulations, the parties report they have not been able to take the deposition of an important witness, Ms. Sanford. Previously, Ms. Sanford was on medical leave. Now, she has returned but counsel have prioritized other cases and have not taken the deposition of this witness, despite having previously convinced the Court that this witness is very important. They will not take this deposition for another month, due to their trial schedules[1]. Once again, they have failed to take the depositions of the treating physicians, though two are set to be completed by the first week of September. They explain only that counsel are busy, as are the treating physicians. Finally, the defense would like to take the deposition of plaintiff's mother, who the plaintiff will call as a percipient witness at trial. However, the defense has been unable to serve the witness and

---

[1] If counsel have insufficient time to devote to this case, they should consider withdrawing or associating in additional counsel who can complete the necessary discovery.

1

plaintiff's counsel has not been authorized to accept service on her behalf.[2] Though the Court will grant the stipulation in part, it will not authorize anu further amendments to the case schedule. Though they were unable to complete discovery before due to Ms. Sanford's medical condition, now, it is apparent that they have chosen not to complete discovery, in favor of doing work on other cases.  Thus, the Court **ORDERS** the case schedule to be amended as follows:

 1. The parties **SHALL** complete all non-expert discovery to be completed **no later than November 24, 2021** and all expert discovery **no later than December 14, 2021**.  They **SHALL** disclose their experts **no later than October 26, 2021** and any rebuttal experts **no later than November 23, 2021**;

 2. Any non-dispositive motions **SHALL** be filed **no later than December 21, 2021** and heard **no later than January 18, 2022**;

**Absolutely no other changes to the case schedule are authorized. The Court will construe the failure to comply with this case schedule as a waiver of any further discovery.**

IT IS SO ORDERED.

Dated:   **August 29, 2021**              /s/ Jennifer L. Thurston
                                            CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] If the plaintiff is in contact with her mother, she is strongly urged to convey to her mother the importance of not avoiding service of the deposition subpoena.  If she does so, it is likely she will be excluded from testifying at trial, provided the defendants can demonstrate that this witness has actively thwarted service.

2